PEOPLE v REYNOLDS

Docket No. 112255. Submitted August 17, 1989, at Detroit. Decided
    November 7, 1989.

    Mario Darcel Reynolds was convicted, on his plea of guilty, of
    breaking and entering an occupied dwelling with intent to
    commit larceny, Recorder's Court of Detroit, Dominick R. Car-
    novale, J. At the time defendant committed the breaking and
    entering, May 29, 1988, a charge of another felony was pending
    against him, to which he later pled guilty. The court ordered
    the sentence on the breaking and entering to be served concur-
    rently with the sentence on the other felony. The people
    appealed.

        The Court of Appeals *held:*

        1. The prosecutor may appeal as of right sentences for crimes
    committed on or after March 30, 1988.

        2. Sentences for crimes committed on or after April 1, 1988,
    but before January 1, 1992, and while other felony charges
    were pending must be served consecutively to the sentences on
    the other felonies. The court erred in refusing to impose
    consecutive sentences.

        Vacated and remanded with instructions.

1. CRIMINAL LAW — APPEAL — SENTENCING — DOUBLE JEOPARDY.

    The prosecution may appeal the sentence of a convicted defen-
    dant as of right; the appeal of a sentence does not subject the
    defendant to a second trial, only a correction of the judgment
    (MCL 710.12; MSA 28.1109).

2. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES.

    From April 1, 1988, to December 31, 1991, if a person who has
    been charged with a felony, pending the disposition of the
    charge, commits a subsequent offense that is a felony, upon
    conviction of the subsequent offense or acceptance of a plea of
    guilty, guilty but mentally ill, or nolo contendere to the subse-

REFERENCES

Am Jur 2d, Criminal Law §§ 315, 552, 553.
See the Index to Annotations under Appeal and Error; Concurrent
    and Consecutive Sentences; Double Jeopardy; Prosecuting Attor-
    neys; Sentence and Punishment.

quent offense, the sentences imposed for the prior charged offense and the subsequent offense shall run consecutively (MCL 768.7b[1]; MSA 28.1030[2][1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Clarence H. Ledwon,* for defendant.

Before: MacKenzie, P.J., and Marilyn Kelly and T. M. Burns,* JJ.

Per Curiam. Defendant pled guilty to breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305. He was sentenced to 1½ to 15 years imprisonment, to be served concurrently with sentences previously imposed in four other cases. The people appeal this sentence.

I

The threshold issue in this case is whether MCL 770.12; MSA 28.1109, as amended by 1988 PA 66, grants the prosecution the authority to appeal a sentence as of right. We conclude that it does.

In *People v Cooke,* 419 Mich 420, 427; 355 NW2d 88 (1984), the Supreme Court held that the people do not have a right to appeal outside the express provisions of § 12 of Chapter X of the Code of Criminal Procedure, MCL 770.12; MSA 28.1109. Prior to 1988 PA 66, and when *Cooke* was decided, MCL 770.12; MSA 28.1109 provided no authorization for appeals of sentences by the prosecution.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

See *People v Larkins,* 142 Mich App 679, 680; 369 NW2d 882 (1985); *People v Wilkins,* 121 Mich App 813, 816; 329 NW2d 500 (1982). However, pursuant to *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983), appellate review of sentencing was available to criminal defendants.

1988 PA 66 was introduced in the Legislature as HB 4719. A review of the House Legislative Analysis of HB 4719 makes it apparent that the purpose of the amendment to MCL 770.12; MSA 28.1109 was to give prosecutors the right to appeal sentences. According to the analysis, the amendment was designed to address the following problem:

> Prosecutors and others assert that *Cooke* and *Coles* combined put the people, whom the prosecutor represents in a criminal case, at a disadvantage. They note that *Cooke* placed new limits on the ability of the prosecutor to appeal, and *Coles* granted defendants the right to appeal sentencing decisions. Many believe that in order to make for a more impartial and evenhanded administration of justice, prosecutors should be able to appeal sentencing decisions and other matters when it is believed the court has made an error.

1988 PA 66 amended MCL 770.12; MSA 28.1109 to provide in relevant part:

> (1) The people of this state may take an appeal of right in a criminal case, if the protection against double jeopardy under section 15 of article I of the state constitution of 1963 and amendment V of the constitution of the United States would not bar further proceedings against the defendant, from either of the following:
> (a) A final judgment or final order of the circuit court or recorder's court, except a judgment or order of the circuit court or recorder's court on appeal from any other court.

(b) A final judgment or order of a court or tribunal from which appeal of right has been established by law.

A sentence imposed in a criminal case is part of the final judgment of the trial court. *People v Coles, supra,* p 535. A prosecutor's appeal of a sentence does not subject the defendant to a second trial, but only a correction of the judgment, and thus does not present double jeopardy implications. See *People v Rehkopf,* 422 Mich 198, 226; 370 NW2d 296 (1985) (dissenting opinion of BOYLE, J.). Accord: *United States v DeFrancesco,* 449 US 117; 101 S Ct 426; 66 L Ed 2d 328 (1980); *Serfass v United States,* 420 US 377; 95 S Ct 1055; 43 L Ed 2d 265 (1975); *United States v Jenkins,* 420 US 358; 95 S Ct 1006; 43 L Ed 2d 250 (1975); *United States v Wilson,* 420 US 332; 95 S Ct 1013; 43 L Ed 2d 232 (1975). MCL 770.12(1)(a); MSA 28.1109(1)(a), as amended by 1988 PA 66, must therefore be read as authorizing the people to take an appeal as of right from a defendant's sentence.

1988 PA 66 took effect on March 30, 1988, and applies to crimes committed on or after that date. 1988 PA 66, § 2. Since the instant offense occurred on May 29, 1988, an appeal as of right is available to the people in this case.

II

The people contend that the trial court, in sentencing defendant, committed an error of law in denying the prosecutor's request that defendant's sentence run consecutively to his previously imposed sentences. We agree.

MCL 768.7b(1); MSA 28.1030(2)(1), as amended by 1988 PA 31, provides:

(1) Beginning April 1, 1988, and through Decem-

ber 31, 1991, if a person who has been charged
with a felony, pending the disposition of the
charge, commits a subsequent offense that is a
felony, upon conviction of the subsequent offense
or acceptance of a plea of guilty, guilty but men-
tally ill, or nolo contendere to the subsequent
offense, the sentences imposed for the prior
charged offense and the subsequent offense shall
run consecutively.

A review of the record in this case reveals that
defendant was arraigned in Recorder's Court on
May 27, 1988, in another felony matter, Recorder's
Court Docket No. 88-07186. The instant offense,
also a felony, was committed two days later. Re-
corder's Court Docket No. 88-07186 was resolved
when defendant pled guilty in that case on June
20, 1988, and was sentenced on July 22, 1988.

Applying the clear language of MCL 768.7b(1);
MSA 28.1030(2)(1), as amended by 1988 PA 31, to
the above chronology, defendant's sentence in this
case should run consecutively to his sentence in
Recorder's Court Docket No. 88-07186. The felony
charge in docket no. 88-07186 was pending against
defendant at the time of the instant felony offense.
The instant offense was committed after April 1,
1988. Therefore, under MCL 768.7b(1); MSA
28.1030(2)(1), a consecutive sentence was manda-
tory.

The trial court in this case refused to impose a
consecutive sentence because of an agreement in
docket no. 88-07186, that the sentence in that case
would run concurrently with defendant's sentences
in three other cases. The terms of the agreement
in docket no. 88-07186 could not include this case,
however, since this case was not yet in existence;
sentencing in docket no. 88-07186 took place three
weeks before the complaint and warrant institut-
ing this case were issued. The court's concern in

this case that the prosecution was trying to renege on the agreement in docket no. 88-07186 was thus unfounded. The mandatory provisions of MCL 768.7b(1); MSA 28.1030(2)(1) control.

Vacated and remanded for entry of an amended judgment of sentence. We do not retain jurisdiction.