PEOPLE v MARK BROWN

Docket No. 115048, 115734. Submitted February 5, 1990, at Detroit. Decided April 4, 1990.

On October 2, 1987, defendant, Mark A. Brown, also known as Eric Winfield, was charged in the Recorder's Court for the City of Detroit with assault with intent to commit great bodily harm less than murder and possession of a firearm during the commission of a felony. On June 29, 1988, an incident occurred which resulted in defendant's conviction in the instant case in the Recorder's Court for the City of Detroit of voluntary manslaughter and felony-firearm. On July 18, 1988, defendant was found guilty of the assault and felony-firearm charges and was sentenced on August 16, 1988. Thereafter, he was found guilty of the manslaughter and felony-firearm charges and the trial court, Edward M. Thomas, J., sentenced him to a term of ten to fifteen years imprisonment on the manslaughter conviction and two years on the felony-firearm conviction, with such sentences to be served concurrently with those imposed for the prior assault and felony-firearm convictions. The defendant and the prosecutor appealed.

The Court of Appeals *held:*

1. The evidence was sufficient to find defendant guilty of voluntary manslaughter.

2. The prosecutor may appeal as of right the judgment of sentence in this case.

3. The trial court erred in failing to sentence defendant to terms of imprisonment consecutive with those for the previous assault and felony-firearm convictions.

Affirmed in part, reversed in part and remanded.

1. CRIMINAL LAW — EVIDENCE — APPEAL.

The evidence is sufficient to support the verdict if, when viewed in the light most favorable to the prosecution, a rational trier of fact could find that the essential elements of the offense were proven beyond a reasonable doubt.

REFERENCES

Am Jur 2d, Appeal and Error §§ 268, 883; Criminal Law § 552.
See the Index to Annotations under Appeal and Error; Concurrent and Consecutive Sentences.

2. CRIMINAL LAW — APPEAL — SENTENCING.

A prosecutor may appeal as of right from the sentence imposed by the trial court for a crime committed on or after March 30, 1988 (MCL 770.12[1]; MSA 28.1109[1]).

3. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES.

From April 1, 1988, to December 31, 1991, if a person who has been charged with a felony, pending the disposition of the charge, commits a subsequent offense that is a felony, upon conviction of the subsequent offense or acceptance of a plea of guilty, guilty but mentally ill, or nolo contendere to the subsequent offense, the sentences imposed for the prior charged offense and the subsequent offense shall run consecutively (MCL 768.7b[1]; MSA 28.1030[2][1]).

*Frank J. Kelley,* Attorney General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Don W. Atkins,* Principal Attorney, Research, Training and Appeals, for the people.

*Arthur Lee Morman,* for defendant.

Before: SULLIVAN, P.J., and DOCTOROFF and J. W. FITZGERALD,* JJ.

PER CURIAM. Following a bench trial, defendant was convicted of voluntary manslaughter, MCL 750.321; MSA 28.553, and possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2). The trial court sentenced him to a term of ten to fifteen years imprisonment on the manslaughter conviction and to a mandatory two-year term on the felony-firearm conviction. Defendant appeals as of right and claims that there was insufficient evidence on which to find him guilty of manslaughter. The prosecutor appeals as of right the sentence imposed by the trial court. We affirm

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

defendant's conviction and reverse and remand for resentencing.

On the evening of June 29, 1988, Charles Jordan and Jeffery Ragland were sitting with several other young men on Jordan's porch. Ragland had been involved in altercations with Joseph Robertson, who lived down the street, earlier that day and on the day before. Robertson, his cousin, Leshaun Robertson, and another friend came over to Jordan's house and exchangèd words with the men on the porch. Defendant, a friend of Jordan, arrived either during the exchange or as the Robertsons and their friend were leaving. Angered by the situation, Jordan went into the house and brought out either a stick or an assault rifle and laid it on the hood of a car. Raymond Rollings, who was carrying a small handgun, followed Leshaun across the street and into a field. By that time, Benny Robertson, the victim and Leshaun's grandfather, had arrived. When Rollings aimed his gun at Leshaun, Benny Robertson warned Rollings to put the gun down. He told Rollings that he had a gun too and that he was going to call the police. As Rollings' friends took him back across the street, the victim and his family continued walking back to their house. The victim fired one shot from his gun into the ground. Defendant, who was on Jordan's porch, went toward the field and fired up to fifteen shots from an assault rifle. There was testimony that Rollings, who was on Jordan's side of the street, fired his gun at least once. The victim died of gunshot wounds to the chest and right leg.

Defendant contends that there was insufficient evidence to support the verdict, because there was no expert testimony to prove who fired the fatal shots. The evidence is sufficient if, when viewed in the light most favorable to the prosecution, a

rational trier of fact could find that the essential elements of the offense were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), cert den 449 US 885; 101 S Ct 239; 66 L Ed 2d 110 (1980). The court must look to all the evidence, including defendant's own in-court admissions. *People v Schinella,* 160 Mich App 213, 216; 407 NW2d 621 (1987).

In rendering its verdict, the trial court found:

> The record should reflect I've had an opportunity to review the exhibits, and take note of the various items in the exhibits counsel was referring to. I've also had an opportunity to review the medical examiner's report, which does indicate, as previously stipulated, that the gunshot wounds were both through-and-through, which is consistent with a projectile from a high-powered firearm, as opposed to a smaller caliber, lower-powered firearm.
>
> I think the wounds inflicted upon the deceased are consistent with wounds that would be inflicted by a weapon the nature of which was used in this case, or fired in this case, by Mr. Brown, by his own admission.
>
> I believe the defense in this case is two-fold. One, that is, that the evidence does not show beyond a reasonable doubt that the weapon fired by Mr. Brown was in fact the weapon that caused the death of the deceased in this case, Mr. Benny Roberts or Benny Robertson.
>
> Under the circumstances, in light of the nature of the wounds, as I have already indicated, this Court is convinced beyond a reasonable doubt that that is in fact the weapon that inflicted the wounds that caused death.

As the trier of fact, the trial court was entitled to make reasonable inferences from the evidence. Although there was testimony that Rollings fired a

"small pistol" at least once, the evidence indicated that defendant fired an assault rifle up to fifteen times into the field. The trial court could reasonably conclude from that evidence and from the wounds sustained by the victim that the fatal shots were fired from defendant's assault rifle. The evidence was sufficient to find defendant guilty of voluntary manslaughter. Moreover, even if defendant did not actually commit the homicidal act, he may be held criminally liable as an aider and abettor. See *People v Daniels,* 172 Mich App 374, 383-385; 431 NW2d 846 (1988). The evidence showed the defendant participated in the shooting by encouraging Rollings to fire his gun or by assisting him in returning fire. Therefore, we affirm the conviction.

The prosecutor contends that he may appeal as of right from the sentence imposed by the trial court. In *People v Reynolds,* 181 Mich App 185, 188; 448 NW2d 774 (1989), a panel of this Court ruled that MCL 770.12(1); MSA 28.1109(1), as amended by 1988 PA 66, effective March 30, 1988, authorized the prosecutor to take an appeal as of right from a trial court's judgment of sentence. The panel also concluded that the amended statute applies to crimes committed on or after its effective date. *Reynolds, supra.*

We agree with the reasoning and the conclusions reached in *Reynolds, supra.* Because the instant offense was committed on June 29, 1988, the prosecutor may appeal as of right the judgment of sentence in this case

The prosecutor argues that the trial court erred in failing to sentence defendant to terms of imprisonment consecutive with those for previous assault and felony-firearm convictions. MCL 768.7b(1); MSA 28.1030(2)(1), as amended by 1988 PA 31, provides:

Beginning April 1, 1988, and through December 31, 1991, if a person who has been charged with a felony, pending the disposition of the charge, commits a subsequent offense that is a felony, upon conviction of the subsequent offense or acceptance of a plea of guilty, guilty but mentally ill, or nolo contendere to the subsequent offense, the sentences imposed for the prior charged offense and the subsequent offense shall run consecutively.

On October 2, 1987, defendant was charged with assault with intent to commit great bodily harm less than murder, MCL 750.84; MSA 28.279, and felony-firearm, MCL 750.227b; MSA 28.424(2), stemming from an incident on September 18, 1987. On July 18, 1988, subsequent to his commission of the charged offense, defendant was found guilty of the assault and felony-firearm charges and he was sentenced on August 16, 1988, to consecutive terms of two to ten years imprisonment on the assault conviction and a mandatory two years on the felony-firearm conviction. Thus, defendant had been charged with a felony, and disposition of the felony charges against him were pending, at the time he committed the instant felony offense. In addition, the instant offense occurred after April 1, 1988. Section 7b(1) required defendant's manslaughter sentence in this case to run consecutive with his sentences on the prior assault and felony-firearm convictions. See *Reynolds, supra* at 189. See also MCL 750.227b(2); MSA 28.424(2)(2). Therefore, the trial court erred in imposing concurrent sentences.

Clearly, the trial court sentenced defendant with the intent that the sentence be served concurrently with the sentence for the prior assault offense. Because it is not clear that the imposition of a consecutive sentence for defendant's manslaughter conviction is consistent with the court's

intent in imposing a term outside the guidelines, remand for the court to make that determination and modify its sentence is appropriate.

Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.