In re DISQUALIFICATION OF 50TH DISTRICT COURT JUDGE
(ON REMAND)

(PEOPLE v PERKINS)

Docket No. 133473. Submitted June 4, 1991, at Lansing. Decided
March 3, 1992, at 9:10 A.M.

Fiftieth District Court Judge Christopher Brown denied a prose-
cution motion that he disqualify himself as examining magis-
trate in the preliminary examination of Rodney Perkins and
eleven other defendants indicted for conspiracy to deliver co-
caine because he had an ownership interest in the building in
which the law firm representing one of the defendants was
located. Fiftieth District Court Chief Judge William Waterman
denied a similar motion to disqualify Judge Brown. The Oak-
land Circuit Court, Fred M. Mester, J., ultimately denied the
prosecution's appeal on the basis that actual bias had not been
shown. The Court of Appeals denied leave to appeal, but the
Supreme Court remanded the case to the Court of Appeals for
consideration as on leave granted. 436 Mich 863 (1990).

On remand, the Court of Appeals *held:*

Judge Brown's joint ownership interest of the property on
which was located the office of the law firm of the counsel of
one of the defendants, coupled with the economic benefits he
derived from the law firm's occupation of the property, created
the appearance of impropriety. Under such circumstances,
automatic disqualification is required. Further, in a proceeding
where a judge has a financial interest relating to an attorney
appearing in the matter, the judge has a duty to refuse to
continue to preside in the matter unless asked to do so by the
parties.

Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *Richard Thompson,* Pros-
ecuting Attorney, and *Michael J. Modelski,* Chief,
Appellate Division, for the people.

*William M. Hatchett,* for Rodney Perkins and Audra Arnold.

*Elias J. Escobedo, Jr.,* for Rodney Perkins.

*J. Herbert Larson,* for Marcus Perkins.

*Timothy K. Debolski,* for Thomas Jackson.

*Bruce J. Thorburn,* for Donnie Hayes.

*Mitchell Ribitwer,* for Juan Waugh.

*Eugene C. Friedman,* for George Mojet.

*Ronald A. Pentz,* for Rodney Guy and Audra Arnold.

*Intissar A. Alkafaji,* for Wayne Dinkins.

*Donald P. Williams,* for Rita Broadnax.

*Darryl P. Mitchell,* for Myra Chism.

*John R. Mann, III,* for Michael Barnes.

*Robert J. Adams,* for Curtis Perkins.

ON REMAND

Before: CAVANAGH, P.J., and HOLBROOK, JR., and CYNAR,* JJ.

PER CURIAM. Defendants were indicted by the Oakland County citizens grand jury for conspiracy to deliver more than 650 grams of cocaine. MCL 333.7401(2)(a)(i), 750.157(a); MSA 14.15(7401)(2)(a)(i), 28.354(1). After adverse evidentiary rulings by

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

the examining magistrate, 50th District Court Judge Christopher Brown, the prosecution unsuccessfully sought leave to appeal to and then superintending control in the Oakland Circuit Court. The prosecutor's motions to disqualify Judge Brown were denied both by Judge Brown and by 50th District Court Chief Judge William Waterman, and appellate review by the Oakland Circuit Court was denied for lack of jurisdiction. An application for leave to appeal was denied by this Court, but the Supreme Court remanded to the Oakland Circuit Court for consideration on the merits. 434 Mich 913 (1990). After the lower court found no abuse of discretion, this Court again denied the prosecutor's application for leave to appeal the order, but the Supreme Court remanded for expedited consideration as on leave granted. 436 Mich 863 (1990). We now reverse.

The preliminary examination began before Judge Brown on February 16, 1990. In response to defense objections, the testimony of the prosecutor's first two witnesses was excluded pursuant to the holding in *People v Vega,* 413 Mich 773; 321 NW2d 675 (1982), because the prosecutor had not yet established a conspiracy. Four days later, Judge Brown refused to reconsider his interpretation of *Vega* and indicated that he would exclude similar testimony of other witnesses. He also refused to grant a stay or enter an order that could be appealed. The prosecutor's application for an interlocutory appeal to the Oakland Circuit Court was denied in a March 6, 1990, order.

On March 13, 1990, a motion to disqualify Judge Brown was argued before Judge Brown and was denied in an order entered on March 14, 1990. On March 16, 1990, the prosecutor filed a complaint for an order of superintending control in the Oak-

land Circuit Court. On that same day, a hearing was held before 50th District Court Chief Judge Waterman regarding the prosecutor's motion to review the motion to disqualify Judge Brown. Judge Waterman ruled that there was no basis upon which Judge Brown could be disqualified.

The preliminary examination resumed before Judge Brown at 1:30 P.M. on March 20, 1990. Judge Brown again excluded the testimony of all prosecution witnesses on the basis of his reading of *Vega.* On March 30, 1990, an order was entered in the Oakland Circuit Court denying the prosecutor's request for an order of superintending control.

On March 29, 1990, the prosecutor filed a new motion to disqualify Judge Brown on the basis of Judge Brown's alleged financial ties to a law firm representing some of the defendants. Judge Brown denied the motion on April 3, 1990, but in so doing admitted his joint ownership interest of the property on which was located the office of defense counsel William Hatchett's law firm and of the lot on which the firm's annex was located. He denied, however, receiving any income or tax benefits. He also stated that he had not paid the property taxes or mortgage, nor was he aware that the mortgage he had assumed with attorney Elbert Hatchett had been paid off. At the prosecutor's request, the motion was referred to Chief Judge Waterman. On April 5, 1990, Judge Waterman found that the prosecutor's motion was untimely and the relationship between Judge Brown and William Hatchett was too remote to deprive Judge Brown of his impartiality and, therefore, denied the motion.

The prosecutor again sought an emergency appeal in circuit court, but it was denied for lack of jurisdiction on April 12, 1990. This Court denied the prosecutor's application for leave to appeal on

April 24, 1990, but on May 10, 1990, the Supreme Court remanded the case to the Oakland Circuit Court for a decision on the merits.

On May 18, 1990, an opinion was entered by Oakland Circuit Judge Fred Mester that stated, in part, that an appearance of impropriety occurs "when a sitting judge on a case has financial ties to an attorney for one of the parties." However, Judge Mester, having found that there was no showing of actual bias or prejudice on the part of Judge Brown because Judge Brown's financial ties to the law firm were not a ground for disqualification under MCR 2.003, and Judge Brown having reversed his erroneous evidentiary rulings, found no abuse of discretion in the denial of the motion to disqualify.

This Court again denied leave to appeal, but on September 19, 1990, the Supreme Court remanded the case to this Court for expedited consideration as on leave granted. We now proceed to do so.

The prosecutor first argues that Judge Brown should have been disqualified because he had financial and economic ties with the law firm of one of the attorneys appearing before him and the circuit court found the appearance of impropriety. The defendants argue that the prosecutor's failure to appeal the ten guilty pleas tendered in this case waives all issues and that the prosecutor has neither a statutory nor a court rule right to appeal the denial of a disqualification motion.

As a preliminary matter, the prosecutor's failure to appeal the guilty pleas entered and sentences imposed before the Supreme Court ordered consideration by this Court does not constitute a waiver of all issues. Appellate review, in fact, is precluded by MCL 770.12(1)(a); MSA 28.1109(1)(a), except with respect to the sentence itself. *People v Rey-*

*nolds,* 181 Mich App 185, 186-188; 448 NW2d 774 (1989).

Proceeding to consideration of the merits, we hold that the appearance of impropriety arising from the financial ties between Judge Brown and Mr. Hatchett's law firm required Judge Brown to disqualify himself even without a showing of actual bias or prejudice. We reach this conclusion after evaluating the totality of the circumstances. The ownership of the property on which the main office and the annex office of attorney Hatchett's law firm are located, the payment of the property taxes by the firm over the years, and the payment and discharge of a mortgage for which Judge Brown was jointly liable certainly gives the appearance of impropriety and reflects adversely on the judge's impartiality and ability to fairly administer justice. We believe that where, as here, the judge's economic relationship with a law firm is more than de minimis, automatic disqualification is required. Moreover, we believe that in matters in which a judge has a financial interest with an attorney appearing in the matter, the judge has a duty to disclose the relationship on the record and to recuse, unless the parties ask the judge to proceed. Until the prosecutor brought his second motion for disqualification, Judge Brown did not disclose his relationship to the parties.

Therefore, the opinion and order of Judge Mester is reversed, and we remand with respect to defendants Rodney Perkins, Juan Waugh, and Myra Chism. The bindover and dismissals are vacated and a new preliminary examination, before a new examining magistrate, with respect to the original charge is ordered.

Reversed and remanded for proceedings consistent with this opinion.