PEOPLE v SLEET

Docket No. 139018. Submitted March 11, 1992, at Grand Rapids. Decided April 7, 1992, at 9:30 A.M.

Susan K. Sleet pleaded guilty in the Kent Circuit Court, Donald A. Johnston, J., of uttering and publishing a false instrument, an offense she committed while awaiting sentencing for two other uttering and publishing convictions. The court sentenced the defendant to 1½ to 14 years' imprisonment to be served consecutively to the sentences for the prior convictions as required by MCL 768.7b(1); MSA 28.1030(2)(1). The defendant appealed, claiming that MCL 768.7b; MSA 28.1030(2) violates equal protection because it requires consecutive sentencing for felonies committed between April 1, 1988, and December 31, 1991, by persons awaiting the disposition of prior felony charges against them, but grants courts discretion to impose concurrent or consecutive sentences under similar circumstances for felonies committed before or after that period.

The Court of Appeals *held:*

MCL 768.7b; MSA 28.1030(2) is not violative of equal protection guarantees. The classifications engendered by the operation of the statute are not arbitrary and have a rational basis related to the legitimate governmental interest of assessing the effects of mandatory consecutive sentencing on prison capacity and population.

Affirmed.

SENTENCES — MANDATORY CONSECUTIVE SENTENCING — FELONIES COMMITTED WHILE AWAITING DISPOSITION OF PRIOR FELONIES — EQUAL PROTECTION.

Imposition of a consecutive sentence upon conviction of a felony committed between April 1, 1988, and December 31, 1991, by a person awaiting the disposition of a prior felony charge does

REFERENCES

Am Jur 2d, Constitutional Law §§ 735 *et seq.*; Criminal Law §§ 551-556.

See the Index to Annotations under Concurrent and Consecutive Sentences; Equal Protection of Law; Habitual Criminals and Subsequent Offenders; Sentence and Punishment.

not violate the constitutional guarantee of equal protection (Const 1963, art 1, § 2; MCL 768.7b; MSA 28.1030[2]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, and *Timothy K. McMorrow,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Ronald J. Bretz),* for the defendant on appeal.

Before: FITZGERALD, P.J., and HOOD and CAVANAGH, JJ.

PER CURIAM. Defendant appeals as of right from the sentence of 1½ to 14 years imposed after she pleaded guilty of uttering and publishing. MCL 750.249; MSA 28.446. Defendant was free on bond, awaiting sentencing for two other uttering and publishing convictions, when this offense was committed on July 14, 1990. Therefore, she received a mandatory consecutive sentence under MCL 768.7b(1); MSA 28.1030(2)(1). We affirm.

Defendant argues that the sentencing statute violates equal protection and substantive due process because it makes consecutive sentences mandatory only for felonies committed between April 1, 1988, and December 31, 1991. Before and after those dates, the sentencing court has discretion to decide whether to impose a consecutive rather than a concurrent sentence. See MCL 768.7b(1) and (2); MSA 28.1030(2)(1) and (2).

In evaluating equal protection and substantive due process claims, the first step is to decide which test applies. If the challenged classification affects a fundamental interest or involves a suspect classification, a compelling state interest is required to uphold it. *Doe v Director of Dep't of Social Services,* 187 Mich App 493, 522-523; 468 NW2d 862

(1991); *People v Perkins,* 107 Mich App 440, 443; 309 NW2d 634 (1981). Otherwise, the classification is to be upheld if it is not arbitrary and is rationally related to a legitimate state interest. *People v O'Donnell,* 127 Mich App 749, 756; 339 NW2d 540 (1983).

The window period created by the consecutive sentencing statute does not involve a suspect classification. See *People v Maxson,* 181 Mich App 133, 135; 449 NW2d 422 (1989) ("prisoners and nonprisoners are not suspect classifications"), see also *O'Donnell, supra* at 756 (strict scrutiny not required when examining a legislative classification with respect to the treatment of criminal offenders generally). Similarly, although convicts have lost the right to liberty in a general sense, they do retain some protected liberty interests. *Wolff v McDonnell,* 418 US 539, 555-557; 94 S Ct 2963; 41 L Ed 2d 935 (1974); see also *Perkins, supra* at 443-444. However, it is clear that this residual liberty interest does not include the right to be totally free from consecutive sentences because, even without the challenged window period, the statute authorizes a sentencing court to impose a consecutive sentence in the exercise of its discretion. Thus, the distinction does not impinge upon a fundamental liberty interest.

The issue therefore is whether the window period is arbitrary and not rationally related to any legitimate government interest. Under the rational basis test, a classification is constitutional if "the legislative judgment is supported by 'any state of facts either known or which could reasonably be assumed,' although such facts may be 'debatable.' " *Shavers v Attorney General,* 402 Mich 554, 614; 267 NW2d 72 (1978), reh den 403 Mich 958 (1978), modified 406 Mich 1122 (1979),

modified 407 Mich 1153 (1979), aff'd after remand 412 Mich 1105 (1982). This test is " 'not concerned with the wisdom, need or appropriateness of the legislation' " or with whether the classification is " 'made with mathematical nicety or [whether] in practice it results in some inequality.' " *O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524, 541, 542; 273 NW2d 829 (1979), reh den 406 Mich 1103 (1979), app dis 444 US 803 (1979). The classification is presumed to be constitutional; the party challenging it bears the "heavy burden" of rebutting that presumption. *Shavers,* 402 Mich 613-615.

Classifications based upon cutoff dates, such as the challenged window period, are not by themselves arbitrary or unreasonable. See, e.g., *Hughes v Judge's Retirement Bd,* 407 Mich 75, 94; 282 NW2d 160 (1979); *Seltzer v Sterling Twp,* 371 Mich 214, 221-222; 123 NW2d 722 (1963); *Burgess v Detroit,* 359 Mich 269, 272; 102 NW2d 483 (1960). Further, the window period is rationally related to the state's interest in determining the effects of mandatory consecutive sentences upon prison capacity and population—a goal expressed in the statute. Defendant's challenges are relevant to the wisdom, necessity, and appropriateness of the statute and are best addressed to the Legislature.

Affirmed.