PEOPLE v ALEXANDER (AFTER REMAND)

Docket No. 170041. Submitted September 15, 1994, at Lansing. Decided October 4, 1994, at 9:20 A.M.

Hamilton L. Alexander pleaded guilty in the Genesee Circuit Court, Robert M. Ransom, J., of malicious destruction of police property and was sentenced to a prison term of two to four years. The defendant appealed, and the Court of Appeals, TAYLOR, P.J., and SHEPHERD and JANSEN, JJ., remanded for resentencing. Unpublished memorandum opinion of the Court of Appeals, decided September 3, 1993 (Docket No. 147694). On remand, the defendant was resentenced to the same term, the sentence to run consecutively to the sentence imposed in another case. The defendant appealed.

After remand, the Court of Appeals *held:*

1. At the time this felony charge was brought, a sentencing court was required to impose a consecutive sentence where, as here, another felony was committed during the pendency of the first felony charge. Accordingly, because the defendant committed the felony of breaking and entering after he had been charged with this felony and during the pendency of this charge, the trial court was required to impose a consecutive sentence.

2. Because the credit for the time served during the pendency of this charge and the breaking and entering charge was applied against the defendant's sentence for the breaking and entering conviction, the defendant is not entitled to have that time credited against the sentence in this case.

3. The defendant's failure to raise in the trial court the question of the scoring of Prior Record Variables 6 and 7 waived his right to raise that question on appeal. However, the

REFERENCES

Am Jur 2d, Appeal and Error § 549; Habitual Criminals and Subsequent Offenders §§ 9, 14; Juvenile Courts and Delinquent and Dependent Children § 38.

What constitutes former "conviction" within statute enhancing penalty for second or subsequent offense. 5 ALR2d 1080.

Right to and appointment of counsel in juvenile court proceedings. 60 ALR2d 691.

defendant's failure to object to the use in the computation of Prior Record Variable 3 of juvenile adjudications that were had without the benefit of counsel does not foreclose appellate review of a claim that PRV 3 was scored improperly. Accordingly, because the defendant has presented prima facie proof that one of his juvenile adjudications was obtained without benefit of counsel, the matter must be remanded for a hearing to determine the constitutional validity of the juvenile adjudications and, if warranted, for rescoring and for resentencing.

Remanded.

SENTENCES — JUVENILE ADJUDICATIONS — APPEAL — PRESERVING QUESTION.

A defendant's failure to object in the trial court to the use in the computation of Prior Record Variable 3 of juvenile adjudications that were had without the benefit of counsel does not foreclose appellate review of a claim that the variable was scored improperly.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Arthur A. Busch,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appeals, Research, and Training, and *Dale A. De-Garmo,* Assistant Prosecuting Attorney, for the people.

*Roger A. Lange,* for the defendant.

AFTER REMAND

Before: WEAVER, P.J., and CAVANAGH and C. C. SCHMUCKER,* JJ.

PER CURIAM. Pursuant to a plea agreement, defendant pleaded guilty of malicious destruction of police property, MCL 750.377b; MSA 28.609(2), and was sentenced to two to four years' imprisonment. Following remand for resentencing, unpublished memorandum opinion of the Court of Appeals, decided September 3, 1993 (Docket No.

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

147694), defendant was resentenced to the same term, to run consecutively to a term that had been imposed in another case. He now appeals as of right from the judgment of sentence, and we remand.

Defendant first challenges the imposition of a consecutive sentence.

At the time of this offense, MCL 768.7b; MSA 28.1030(2) provided for mandatory consecutive sentencing where a person charged with a felony committed a subsequent felony. *People v Reynolds,* 181 Mich App 185, 188-189; 448 NW2d 774 (1989). Defendant committed the felony of breaking and entering after he had been charged with the instant offense. Accordingly, the court was required to impose a consecutive sentence.

Defendant next asserts that he should have received credit against his sentence of 708 days for time already served. We disagree. Any credit to which defendant was entitled was first to be applied against his first sentence, i.e., the sentence for the breaking and entering. *People v Cantu,* 117 Mich App 399, 403; 323 NW2d 719 (1982).

Defendant also challenges the scoring of the sentencing guidelines. Defendant has waived review of the scoring of Prior Record Variables 6 and 7 by failing to raise the scoring issue before the sentencing court. *People v Walker,* 428 Mich 261, 266; 407 NW2d 367 (1987). However, in light of our Supreme Court's recent decision in *People v Carpentier,* 446 Mich 19; 521 NW2d 195 (1994), we conclude that defendant's failure to object does not foreclose review of his claim that PRV 3 was scored improperly because the scoring involved the use of

a juvenile adjudication at which defendant was not represented by counsel.[1]

Defendant has presented prima facie proof that one of his two juvenile adjudications was obtained when defendant was without counsel, because the presentence report contains a notation to that effect. We note that the recommended minimum sentence would have been considerably lower had that one prior adjudication not been included in the scoring of the guidelines. Accordingly, we remand for a hearing at which the burden will be upon the prosecutor to establish the constitutional validity of that prior adjudication. *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972); *Carpentier, supra,* p 31.

If the court should find that the prior juvenile adjudication indeed was procured in violation of defendant's right to counsel, the sentencing guidelines shall be rescored and defendant resentenced.

Our disposition of this case renders it presently unnecessary to decide whether the sentence imposed was disproportionate.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

[1] *Carpentier* appears to have implicitly overruled *People v Hamm,* 206 Mich App 270; 520 NW2d 706 (1994).