PEOPLE v EVANS (AFTER REMAND)

Docket No. 167716. Submitted September 6, 1995, at Detroit. Decided
      October 3, 1995, at 9:00 A.M. Leave to appeal sought.

   Thomas H. Evans was charged in the Recorder's Court for the
   City of Detroit with various felonies committed in August 1990
   (Recorder's Court Docket Nos. 90-009817 and 90-009914). Pend-
   ing the disposition of those charges and while on bond for those
   offenses, the defendant committed subsequent felony offenses in
   October 1990 and was charged (Recorder's Court Docket No. 91-
   010887). After the defendant pleaded nolo contendere with
   regard to various felonies charged in Docket Nos. 90-009817
   and 90-009914 and guilty with regard to the charges in Docket
   No. 91-010887, the court, Dalton A. Roberson, J., ordered that
   the sentences imposed in Docket No. 91-010887 were to run
   concurrently with the sentences imposed in Docket Nos. 90-
   009817 and 90-009914. The defendant appealed. The Court of
   Appeals, SULLIVAN, P.J., and BRENNAN and REILLY, JJ., granted
   the defendant's motion to remand to the trial court to allow the
   defendant to move to withdraw his pleas and for resentencing.
   Unpublished order of the Court of Appeals, entered December
   16, 1992 (Docket No. 153837). On remand, the trial court again
   ordered that the sentences be served concurrently, and the
   defendant withdrew his motion to withdraw his pleas. The
   prosecutor appealed.

      After remand, the Court of Appeals held:

      The trial court erred in ordering the sentences in Docket No.
   91-010887 to run concurrently with the sentences in Docket
   Nos. 90-009817 and 90-009914. MCL 768.7b(1); MSA 28.1030(2)
   (1) clearly provides that a person who commits a felony within
   the described period pending the disposition of another felony
   shall be sentenced to consecutive sentences. The statute does
   not require that the conviction of and sentencing for the
   subsequent felony must occur within the described period. The
   trial court's sentencing order must be reversed and the matter

REFERENCES

Am Jur 2d, Criminal Law § 552.
See ALR Index under Concurrent and Consecutive Sentences.

must be remanded to the trial court to allow the defendant to move to withdraw his pleas.

Reversed and remanded.

SENTENCES — CONSECUTIVE SENTENCES — SUBSEQUENT FELONIES.

A person charged with a felony who, pending disposition of the charge, committed a subsequent felony between April 1, 1988, and December 31, 1991, must be sentenced upon conviction of both felonies to serve the sentence for the subsequent felony after having served the sentence for the prior felony; there is no requirement for consecutive sentencing that the conviction and sentencing for the subsequent felony also must have occurred within the stated period (MCL 768.7b[1]; MSA 28.1030[2] [1]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Douglas P. Dwyer,* Assistant Prosecuting Attorney, for the people.

*John R. Minock,* for the defendant.

AFTER REMAND

Before: TAYLOR, P.J., and BANDSTRA and J. R. JOHNSON,* JJ.

PER CURIAM. Defendant was charged with various felonies committed in August 1990 (Recorder's Court Docket Nos. 90-009817 and 90-009914). Pending the disposition of these charges, defendant committed subsequent felony offenses in October 1990 (Recorder's Court Docket No. 91-010887) while on bond for the August 1990 offenses. After defendant pleaded nolo contendere with regard to various felonies committed in Docket Nos. 90-009817 and 90-009914 and guilty with regard to felonies committed in Docket No. 91-010887, the

* Circuit judge, sitting on the Court of Appeals by assignment.

trial court ordered that the sentences in Docket No. 91-010887 were to run concurrently with the sentences imposed in Docket Nos. 90-009817 and 90-009914.[1] Defendant appealed. The Court of Appeals, SULLIVAN, P.J., and BRENNAN and REILLY, JJ., granted defendant's motion to remand to allow defendant to move to withdraw his pleas and for resentencing. Unpublished order of the Court of Appeals, entered December 16, 1992 (Docket No. 153837). The trial court again ordered that the sentences run concurrently, and defendant withdrew his motion to withdraw his pleas. The prosecutor appealed as of right. We reverse the trial court's order that the sentences imposed in Docket No. 91-010887 are to run concurrently with the sentences imposed in the two other cases.

The prosecutor argues that the trial court improperly ordered defendant's sentences for the subsequent convictions in Docket No. 91-010887 to run concurrently with, rather than consecutively to, his sentences in Docket Nos. 90-009817 and 90-009914. The prosecutor asserts that MCL 768.7b(1); MSA 28.1030(2)(1) mandates that defendant be sentenced to consecutive sentences for the prior and subsequent felony convictions because defendant committed the subsequent felony offense between April 1, 1988, and December 31, 1991, while the prior felony charges were pending. In contrast, defendant asserts, and the trial court agreed, that defendant could be sentenced to consecutive sentences only if the subsequent felony as well as the conviction and the sentencing with regard to the

---

[1] We note that the February 28, 1992, plea hearing transcript and the trial court's May 21, 1993, opinion on remand state that defendant pleaded guilty of the offenses in Docket No. 91-010887, while the judgment of sentence states that defendant pleaded nolo contendere. In any event, whether defendant pleaded guilty or nolo contendere is irrelevant to the issue on appeal.

subsequent felony occurred between April 1, 1988, and December 31, 1991. We agree with the prosecutor and conclude that the trial court improperly ordered defendant's sentences in Docket No. 91-010887 to run concurrently with his sentences in Docket Nos. 90-009817 and 90-009914.

MCL 768.7b(1); MSA 28.1030(2)(1) provides:

> Beginning April 1, 1988, and through December 31, 1991, if a person who has been charged with a felony, pending the disposition of the charge, commits a subsequent offense that is a felony, upon conviction of the subsequent offense or acceptance of a plea of guilty, guilty but mentally ill, or nolo contendere to the subsequent offense, the sentences imposed for the prior charged offense and the subsequent offense shall run consecutively.

The language of MCL 768.7b(1); MSA 28.1030(2)(1) clearly provides that a person who commits a felony within the described period pending the disposition of another felony *shall* be sentenced to consecutive sentences. The statute does not require that conviction and sentencing for the subsequent felony also occur within the described period. When the language of a statute is clear, as in this case, judicial interpretation is unnecessary and the Legislature is presumed to have intended the meaning plainly expressed in the statute. *Turner v Auto Club Ins Ass'n,* 448 Mich 22, 27; 528 NW2d 681 (1995); *Bommarito v Detroit Golf Club,* 210 Mich App 287, 291; 532 NW2d 923 (1995). Courts may not speculate regarding the probable intent of the Legislature when the statutory language is clear and unambiguous. *Goodridge v Ypsilanti Twp Bd,* 209 Mich App 344, 347; 529 NW2d 665

(1995). When the language of a statute is clear, it must be enforced as written. *Turner, supra.*[2]

Furthermore, other cases decided by this Court involving MCL 768.7b(1); MSA 28.1030(2)(1) also have focused only on when the subsequent felony offense was committed rather than, as emphasized by the trial court, when the conviction and sentencing occurred.[3] See *People v Alexander (After Remand),* 207 Mich App 227, 229; 523 NW2d 653 (1994); *People v Alvarado,* 192 Mich App 718, 723; 481 NW2d 822 (1992); *People v Mamon,* 190 Mich App 124, 125-126; 475 NW2d 378 (1991); *People v Brown,* 184 Mich App 567, 572; 459 NW2d 19 (1990); *People v Reynolds,* 181 Mich App 185, 189; 448 NW2d 774 (1989).

Defendant withdrew his motion to withdraw his pleas on the basis of the trial court's erroneous order that the sentences imposed in Docket No. 91-010887 would be served concurrently with the sentences imposed in the two other cases. We remand to the trial court to allow defendant to move to withdraw his pleas.

We reverse and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

---

[2] Further, even assuming that the legislative intent was to test the effect of consecutive sentencing on prison populations as the trial court reasoned, our decision today establishes a limited time frame of consecutive sentences for purposes of that test, albeit slightly longer than the one resulting from the decision of the trial court.

[3] The sentence relied upon by the trial court from *People v Sleet,* 193 Mich App 604, 605; 484 NW2d 757 (1992) ("Before and after those dates, the sentencing court has discretion to decide whether to impose a consecutive rather than a concurrent sentence."), was misconstrued. This sentence immediately followed a reference to "felonies committed between April 1, 1988, and December 31, 1991," and we conclude that *Sleet* is best interpreted as allowing consecutive sentencing discretion only with regard to "felonies committed . . . [b]efore and after those dates . . . ." *Id.* If a crime occurs within these dates, then a defendant must be sentenced to consecutive sentences regardless of when sentencing and conviction occur.