PEOPLE v HUTCHINSON

Docket No. 194643. Submitted June 17, 1997, at Lansing. Decided July 22, 1997, at 9:00 A.M.

Shawn D. Hutchinson was charged with possession with intent to deliver more than 650 grams of cocaine and, following a bench trial in the Wayne Circuit Court, Louis F. Simmons, Jr., J., at which the principal thrust of the defense was that the defendant was unaware that the cocaine was in the vehicle he was driving, the court rejected the suggestion that the defendant was unaware of the cocaine, found that the intent to deliver had not been established, and found the defendant "guilty of possession of 650 or more grams of a controlled substance, cocaine, contrary to statute." Some months later, but before sentencing, the court concluded that it had intended to find the defendant guilty of attempted possession of more than 650 grams of cocaine, corrected the verdict to one of attempted possession, and sentenced the defendant accordingly. The prosecution appealed.

The Court of Appeals *held*:

1. Trial courts in bench trials are both required to render logical verdicts and precluded from exercising a jury's capacity for lenity. The trial court proffered no reasoned explanation and pointed to no facts or circumstances in the record that would logically justify a finding of attempted possession.

2. The alteration of the original reasoned verdict of guilty is precluded both on double jeopardy principles and on public policy grounds. A trial court has no greater prerogatives than a jury. Double jeopardy subsumes the notion of *autrefois convict* as well as *autrefois acquit*. Accordingly, the original verdict of guilty of possession of more than 650 grams of cocaine must be reinstated, and the matter must be remanded to the trial court for resentencing.

3. Double jeopardy does not preclude the prosecution from bringing this appeal or seeking reinstatement of the original verdict.

Reversed and remanded.

1. CRIMINAL LAW — COURTS — BENCH TRIALS — LENITY.

Trial courts in bench trials are precluded from exercising a jury's capacity for lenity.

2. CRIMINAL LAW — COURTS — BENCH TRIALS — VERDICTS — ALTERATION OF VERDICTS.

A trial court, after having rendered a reasoned verdict of guilty in a bench trial, is precluded from later altering that verdict.

3. CRIMINAL LAW — DOUBLE JEOPARDY — *AUTREFOIS CONVICT*.

Double jeopardy subsumes the notion of *autrefois convict* as well as *autrefois acquit*.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Thomas M. Chambers*, Assistant Prosecuting Attorney, for the people.

*Glenn A. McCandliss*, for the defendant.

Before: CAVANAGH, P.J., and DOCTOROFF and D. A. Teeple*, JJ.

PER CURIAM. The Wayne County Prosecutor appeals as of right from an action of the Wayne Circuit Court, purportedly "correcting" the verdict rendered at the conclusion of a bench trial so as to find defendant guilty only of attempted possession of more than 650 grams of cocaine, rather than actual possession. The substantive difference is that the penalty for possession of more than 650 grams of cocaine is a mandatory sentence of life imprisonment, MCL 333.7403(2)(a)(i); MSA 14.15(7403)(2)(a)(i), whereas attempted possession is punishable by a maximum of five years' imprisonment, MCL 750.92; MSA 28.287.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

This case is being decided without oral argument pursuant to MCR 7.214(E).

The principal thrust of the defense at trial was lack of proof that defendant knew the large quantity of cocaine was present in the motor vehicle he was driving when arrested, despite the fact that he was the sole occupant of the vehicle. At the conclusion of the original bench trial, the trial court rejected defendant's testimony as completely incredible, calling defendant a "big liar." Although persuaded beyond a reasonable doubt that defendant knew of the cocaine in the vehicle he was driving and was likewise knowingly exercising dominion and control over the cocaine, the court nonetheless found that defendant did not intend to deliver the more than 650 grams of cocaine found in his possession—together with a pager and a large quantity of cash—but then went on to "find the defendant guilty of possession of 650 or more grams of a controlled substance, cocaine, contrary to the statute."

More than nine months later, after sentencing had been delayed several times at the request of defendant, the trial court appears to have concluded sua sponte that it had intended only to find the defendant guilty of attempted possession. Despite no support for such a revisionary view in either the audio or stenographic recording of the trial, the court asserted the record failed to reflect its intent to find defendant guilty only of attempted possession. In making this statement, the trial court referred to no facts or circumstances that would logically justify a finding of only attempted possession on any basis other than a desire for leniency. But trial courts in bench trials are both required to render logical verdicts and precluded

from exercising a jury's capacity for lenity. *People v Burgess*, 419 Mich 305, 310-311; 353 NW2d 444 (1984). Leniency is an exclusive prerogative of the executive branch. Const 1963, art 3, § 2; *People v Fox*, 312 Mich 577, 581-582; 20 NW2d 732; 168 ALR 703 (1945). The trial court proffered no reasoned explanation that would justify a finding of guilty of only attempted possession, in the face of proofs establishing only actual possession, either on the basis of the facts originally found or any subsequent clarification.

Such alteration of the original reasoned verdict of guilty is precluded on both double jeopardy principles and public policy grounds. A trial court in this respect has no greater prerogatives than a jury. *People v Jones*, 203 Mich App 74, 82; 512 NW2d 26 (1993). Double jeopardy subsumes the notion of *autrefois convict* as well as *autrefois acquit, Kring v Missouri*, 107 US (17 Otto) 221, 225; 25 S Ct 443; 27 L Ed 506 (1883), and pardon. *United States v Scott*, 437 US 82, 87; 98 S Ct 2187; 57 L Ed 2d 65 (1978). Accordingly, the original verdict of guilty of possession of more than 650 grams of cocaine is reinstated, and the cause is remanded to the Wayne Circuit Court for resentencing.

Defendant's challenge to the right of the prosecutor to invoke this Court's jurisdiction is without merit for the reasons set forth in *People v Jones, supra* at 78-79:

> The people may appeal only to the extent provided by statute. *People v Cooke*, 419 Mich 420, 425; 355 NW2d 88 (1984). In *Cooke*, the Michigan Supreme Court held that § 12 of the Code of Criminal Procedure does not authorize an appeal from an order of acquittal made after the defendant has been put in jeopardy. *Id.*; MCL 770.12; MSA 28.1109.

In *Cooke*, after the jury found the defendant guilty, the trial court reversed and acquitted him. *Cooke*, 424.

Section 12 has been amended since *Cooke* was decided. It now provides that the people may take an appeal in any case if the Double Jeopardy Clause would not bar further proceedings. [*People v*] *Caballero* [437 Mich 884, 885 (1990)]; *People v Reynolds*, 181 Mich App 185, 187-188; 448 NW2d 774 (1989); US Const, Am V; Const 1963, art 1, § 15. In *Reynolds*, we held that a prosecutor's appeal of a sentence does not subject the defendant to a second trial. Therefore, appealing the sentence did not present double jeopardy implications and was permissible under § 12. *Reynolds*, 188.

Likewise, the appeal in this case does not subject defendant to a second trial and does not present double jeopardy implications. If the prosecution prevails, the original verdict will be reinstated. If defendant prevails, the judgment will be affirmed. Neither requires a second trial.[1] Consequently, we conclude that we have jurisdiction to hear this appeal.

---

[1] Although retrial following acquittal is barred under the Double Jeopardy Clause, the government may appeal if reinstatement of the jury's verdict of conviction, rather than retrial, is sought. See *People v Anderson*, 409 Mich 474, 483, n 10; 295 NW2d 482 (1980), cert den 449 US 1101 (1981), citing *United States v Wilson*, 420 US 332; 95 S Ct 1013; 43 L Ed 2d 232 (1975).

---

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.