HARRISON v TIREMAN & COLFAX BUMP & REPAIR SHOP

Docket Nos. 57187, 57262. Decided September 8, 1975.

Julius C. Harrison was awarded Workmen's Compensation benefits for a disability incurred in a fight with his employer. There was conflicting testimony about whether Harrison was assaulting his employer when he was injured. The Workmen's Compensation Appeal Board concluded that Harrison was not guilty of wilful misconduct (which would preclude an award of benefits) without stating which testimony it chose to believe. The Court of Appeals denied leave to appeal. On application for leave to appeal to the Supreme Court, *held:*

The Court is unable to discern from the opinion of the board whether it understood the applicable law, and what facts it relied on in concluding that plaintiff was not guilty of intentional and wilful misconduct. The cause is remanded to the Workmen's Compensation Appeal Board for its statement of the law and facts supporting its conclusion.

*Ulanoff, Ross & Summer, P. C.,* for plaintiff.

*Sommers, Schwartz, Silver, Schwartz, Tyler & Gordon, P. C.,* by *John F. Vos III,* for defendant employer.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *A. C. Stoddard, Theresa Doss,* and *Thomas L. Fleury,* Assistants Attorney General, for the Second Injury Fund.

MEMORANDUM OPINION. Plaintiff's employer inflicted a shotgun wound in plaintiff's neck. As a result, plaintiff is now a quadriplegic. The witnesses provided conflicting versions of the event.

Plaintiff testified that his employer, Jack White, approached him with a shotgun without provoca-

tion and struck him twice with the barrel. A fellow employee, Adam Herring, intervened and wrestled with White over the gun. A shot was fired, wounding the plaintiff.

Jack White testified that he and plaintiff had argued over work assigned to the plaintiff which had not been finished. Plaintiff is said to have assaulted White with a wrench and knocked him over a floor jack. Herring intervened and the fight stopped. Plaintiff threatened bodily harm to White. White left to obtain his shotgun. When he returned, Herring took the gun away from him. As Herring and White walked toward White's office with their backs to the plaintiff, White's brother Charles saw plaintiff raising a 4x4 piece of wood so as to strike White. Charles shouted a warning. White turned, saw plaintiff with the 4x4, grabbed the gun from Herring, and shot the plaintiff—all in the matter of an instant, according to Herring. Both Herring and Charles White corroborated portions of Jack White's testimony.

Defendants maintained that plaintiff was injured by reason of his intentional and wilful misconduct, thereby precluding Workmen's Compensation benefits. MCLA 418.305; MSA 17.237(305). The Workmen's Compensation Appeal Board described both plaintiff and defendant as "not impressively credible". The board concluded that plaintiff was not guilty of wilful misconduct, however, without stating which facts it chose to believe. The Court of Appeals denied leave on the meritorious question.

If it is true that plaintiff was proceeding towards White with the apparent ability to inflict bodily harm, plaintiff might well be guilty of intentional and wilful misconduct so as to preclude an award of benefits. In *Crilly v Ballou*, 353 Mich 303; 91

NW2d 493 (1958), we expressed disapproval of the aggression defense. Justice SMITH said for the Court: We "hold that injuries received in assaults, either sportive or malicious, are not, by reason of such fact alone, beyond the realm of compensability". 353 Mich 303, 327. Justice SMITH was careful, however, to exclude from the class of malicious assaults those "acts of such gross and reprehensible nature as to constitute intentional and wilful misconduct". 353 Mich 303, 327. The example he cited was *Federal Underwriters Exchange v Samuel,* 138 Tex 444; 160 SW2d 61 (1942). Samuel and one Terrell fought. Later, Samuel secured an iron bar and advanced towards Terrell's location with the bar and a pocket knife in hand. Terrell responded by using a board to repel the attack. Samuel was denied compensation for his injuries. See, also, *Horvath v La Fond,* 305 Mich 69; 8 NW2d 915 (1943); 1 Larson's Workmen's Compensation Law, § 11.15(d).

We are unable to discern from the opinion of the board whether it understood the applicable law, and if so, what facts it relied upon in reaching its conclusion that plaintiff was not guilty of intentional and wilful misconduct. Consequently, we remand this cause to the Workmen's Compensation Appeal Board for its statement of the law and facts supporting its conclusion. *McClary v Wagoner,* 16 Mich App 326; 167 NW2d 800 (1969). We do not retain jurisdiction.

T. G. KAVANAGH, C. J., and WILLIAMS, LEVIN, M. S. COLEMAN, J. W. FITZGERALD, and LINDEMER, JJ., concurred.

SWAINSON, J., took no part in the decision of this case.