ZUKE v FRITZ ENTERPRISES, INC

Docket No. 141841. Submitted May 12, 1993, at Detroit. Decided September 10, 1993; approved for publication December 1, 1993, at 9:25 A.M. Leave to appeal sought.

Kenneth Zuke brought an action in the Wayne Circuit Court against Fritz Enterprises, Inc., and USX Corporation, seeking damages for injuries suffered while driving a front-end loader in the course of his employment with Fritz Enterprises. The plaintiff alleged that he was required to load scrap metal onto a conveyor belt leading to a hammer mill despite the known danger of metal pieces being ejected from the mill into the area in which the plaintiff was required to work. The court, Samuel A. Turner, J., granted summary disposition for Fritz Enterprises on the basis of the exclusive remedy provision of the Workers' Disability Compensation Act, MCL 418.131(1); MSA 17.237(131)(1), despite the plaintiff's assertions that being required to work in an area of a known substantial danger in which there was a significant likelihood of injury brought his claim within the intentional tort exception to the exclusive remedy provision. Following the denial of his motion for reconsideration, the plaintiff appealed.

The Court of Appeals *held:*

The circuit court erred in granting summary disposition, because the plaintiff is able to allege a specific danger known to his employer that was certain to result in an injury and that the employer required the plaintiff to work in the face of such danger. Those allegations bring the claim within the intentional tort exception and raise a question of fact for jury determination.

Reversed and remanded.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Ronald H. Greve*), for the plaintiff.

*Vandeveer Garzia* (by *Robert D. Brignall*), for the defendant.

Before: NEFF, P.J., and MARILYN KELLY and WHITE, JJ.

Per Curiam. In this case involving the intentional tort exception to the exclusive remedy provision of the Workers' Disability Compensation Act, MCL 418.131; MSA 17.237(131), plaintiff appeals as of right from orders of the trial court granting summary disposition pursuant to MCR 2.116(C)(10) to defendant Fritz Enterprises, Inc., and denying plaintiff's motion for reconsideration. We reverse the order of summary disposition and remand this case to the trial court for further proceedings.

I

Plaintiff sued Fritz Enterprises, Inc., his employer, for injuries sustained on the job. Defendant USX Corporation is not involved in this appeal.

Plaintiff worked for Fritz Enterprises at a USX Corporation site. His job consisted of operating a front-end loader to load scrap metal onto a conveyor leading to a hammer mill. The hammer mill contained presses that smashed the scrap metal into smaller pieces for processing. While plaintiff was operating the front-end loader, a piece of metal the size of a golf ball was ejected from the hammer mill, went through the windshield of the front-end loader, bounced off a gearshift lever, and struck plaintiff's right elbow, injuring him. Plaintiff commenced this action by filing a complaint on June 28, 1990. On August 15, 1990, Fritz Enterprises filed an answer to plaintiff's complaint and a written motion for summary disposition pursuant to both MCR 2.116(C)(8) and (10) on the basis that plaintiff's claims were barred by the exclusive remedy provision contained in § 131. At the hearing on the motion for summary disposition, the attorneys for both parties characterized the motion as being based upon plaintiff's pleadings alone.

On March 28, 1991, after the hearing on the

motion, the trial court issued a written opinion granting the motion for summary disposition pursuant to MCR 2.116(C)(10). In its opinion, the trial court stated its finding that plaintiff had not set forth by way of affidavit or other documentary evidence specific facts showing that there is a genuine issue for trial. The trial court also found that plaintiff had not established that his employer had an intent to injure. On April 16, 1991, the trial court entered judgment in favor of Fritz Enterprises.

On April 26, 1991, plaintiff moved for reconsideration of the trial court's decision, presenting plaintiff's deposition testimony from a March 26, 1991, deposition. At his deposition, plaintiff testified that pieces of metal would continuously be ejected from the mill and would shatter the windshield of the loader all the time. He testified that the metal pieces would be anywhere from pea-size to basketball-size and that being hit by pea-size pieces felt like being punched. Plaintiff also testified that he had seen one piece of metal that was ejected from the mill "wipe out" a portable toilet. Plaintiff testified that the area in the direction of the loader and behind where the conveyor fed into the mill was considered to be the area in which there was the greatest danger of flying metal debris. He stated that no other employee had been hurt while driving equipment up to the conveyor, but that windows of dump trucks had been broken out by the flying debris. Plaintiff knew of at least two other employees in jobs different from plaintiff's who had been injured by metal pieces being ejected from the mill. Even more employees had been hit by pieces of debris, but they were not seriously injured.

Plaintiff further testified in his deposition that he complained to his employer's safety man and to

the maintenance crew that he needed a protective cage on the loader. According to plaintiff, he told them, "I need a . . . cage on that thing before I get killed." He testified that, in response, he was told that they would get one on, but one was not installed until after plaintiff was injured. Plaintiff testified that he did not believe that anyone intended that he personally be hurt, but stated: "They had to know sooner or later my luck would run out."

Plaintiff also filed his own affidavit in the trial court record, which stated:

 1. That I have personal knowledge upon which to testify as to the facts contained in this Affidavit.
 2. That I was employed at the time of my injury by Fritz Enterprises, Inc.
 3. That as a condition of my employment, I was required to operate a front end loader and load scrap metal, steel and dirt onto a conveyor belt.
 4. That I had warned foremen, maintenance people and several others at Fritz Enterprises that I was working under extremely dangerous conditions, and I begged them to make a cage for the cab of my front end loader to prevent an injury, such as the one that has occurred in this case.
 5. That it was a condition of my employment to work in this battle zone, and I had no choice but to work in this environment, other than to end my employment with Fritz Enterprises.

 Further, Deponent sayeth not.

On May 29, 1991, the trial court issued a written opinion denying plaintiff's motion for reconsideration. In the opinion, the trial court noted that it had reviewed plaintiff's motion, deposition transcript, and affidavit and still found that plaintiff was not entitled to invoke the intentional tort exception to the exclusive remedy provision. The court also noted in its opinion that it had exam-

ined the pleadings and motion for a factual basis in support of plaintiff's claim. In its opinion, the trial court also stated that plaintiff contended that further discovery would provide more evidence of his allegations.

II

Section 131 provides in pertinent part:

(1) The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort. An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge. The issue of whether an act was an intentional tort shall be a question of law for the court. This subsection shall not enlarge or reduce rights under law.

The issue whether the facts alleged by a plaintiff are sufficient to constitute an intentional tort is a question of law for the court, while the issue whether the facts are as a plaintiff alleges is one of fact for the jury. *Adams v Shepherd Products, US, Inc,* 187 Mich App 695, 696-697; 468 NW2d 332 (1991); *McNees v Cedar Springs Stamping Co,* 184 Mich App 101, 104; 457 NW2d 68 (1990).

In *McNees,* p 105, this Court stated:

We conclude that § 131, when considered in light of the evolving case law, can only mean that plaintiff must be able to allege a specific danger known to the employer that is certain to result in

an injury and that the employer required the plaintiff to work in the face of such danger.

We are convinced that, on the record before us, plaintiff is able to allege a claim falling within the intentional tort exception to the exclusive remedy provision contained in § 131. We therefore reverse the order granting summary disposition to defendant Fritz Enterprises and remand this case to the trial court for further proceedings, including further discovery, consistent with this opinion. Whether the facts are as plaintiff alleges is a question for the jury to resolve. *Adams, supra,* p 698.

On remand, plaintiff shall be given the opportunity to amend his complaint to plead his case within the standards set forth by § 131. See *Mc-Nees, supra,* p 103.

Reversed and remanded. We do not retain jurisdiction.