PEOPLE v RABY

Docket No. 173809. Submitted July 11, 1995, at Lansing. Released September 26, 1995. Vacated and sent to special resolution panel October 10, 1995. Decided July 30, 1996, at 9:20 A.M. Leave to appeal sought.

Robert D. Raby pleaded guilty in the Genesee Circuit Court, Donald R. Freeman, J., of one count of first-degree criminal sexual conduct and was sentenced. The defendant appealed, claiming that the court erred in scoring Offense Variable (OV) 12 as fifty points. The Court of Appeals, TAYLOR, P.J., and McDONALD and J. G. COLLINS, JJ., held that, although not agreeing with the decision, it was bound by Administrative Order No. 1994-4 to follow the holding in *People v Polus*, 197 Mich App 197 (1992), that OV 12, which provides for a score of fifty points for two or more sexual penetrations involving the offender arising out of the same criminal transaction, was not applicable where the prior penetrations of the victim occurred at some time before the particular act that resulted in the criminal charge and, accordingly, remanded the matter to the trial court for resentencing. 213 Mich App 801 (1995). The Court of Appeals ordered that a special panel be convened pursuant to Administrative Order No. 1994-4 to resolve the conflict between this case and *People v Warner*, 190 Mich App 26 (1991). 213 Mich App 801 (1995).

The Court of Appeals *held*:

Evidence of continual regular sexual molestation and penetration by a defendant of a victim during an extended period preceding the act giving rise to a conviction of criminal sexual conduct may be used by the sentencing court to determine a score under OV 12 for the purpose of determining the proper minimum sentence under the Sentencing Guidelines. Accordingly, the trial court properly used the evidence of the defendant's sexual penetrations of the victim during the two-year period preceding the charged acts to determine that the defendant should be given a score of fifty points under OV 12.

SMOLENSKI, J., joined by SAAD and BANDSTRA, JJ., stated that evidence of a defendant's prior sexual penetrations of a victim should be scored for the purpose of the Sentencing Guidelines under OV 12, which deals specifically with criminal sexual penetrations, rather than under OV 25, which deals generally with contemporane-

ous criminal acts. Although OV 12 is applicable only where the sexual penetrations other than the penetration that forms the basis of the charged offense are part of "the same criminal transaction," "transaction" is defined for the purpose of the Sentencing Guidelines as acts that occurred "in a continuous time sequence and displayed a single intent or goal." The defendant's prior sexual penetrations of the victim constituted acts that occurred in a continuous time sequence and displayed a single intent or goal.

MARKMAN, J., joined by CORRIGAN and MARKEY, JJ., concurring, stated that the trial court properly scored the prior sexual penetrations under OV 12 because a court could properly consider prior sexual penetrations and determine scores under both OV 12 and OV 25. Because prior sexual penetrations can be considered for scoring both OV 12 and OV 25, the trial court did not abuse its discretion in adopting the broad interpretation of what constitutes a continuous time sequence and thus what constitutes the same transaction for the purpose of OV 12.

Affirmed.

MICHAEL J. KELLY, P.J., dissenting, stated that *People v Polus*, 197 Mich App 197 (1992), in which it was held that the "same transaction" for the purposes of OV 12 does not include criminal sexual penetrations that are temporally remote from the charged offense, was correctly decided and that the trial court's determination to score under OV 12 should be reversed.

RAPE — SENTENCES — SENTENCING GUIDELINES — OFFENSE VARIABLES — SEXUAL PENETRATION.

Evidence of a defendant's continual regular sexual molestation and penetration of a victim during an extended period preceding the act giving rise to a conviction of criminal sexual conduct may be used by the sentencing court to determine a score under Offense Variable 12 for the purpose of determining the proper minimum sentence under the Sentencing Guidelines.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Arthur A. Busch*, Prosecuting Attorney, *Donald A. Kuebler*, Chief, Appeals, Research, and Training, and *Dale A. DeGarmo*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Susan M. Meinberg*), for the defendant on appeal.

Before: Michael J. Kelly, P.J., and Corrigan, Saad, Bandstra, Markey, Markman, and Smolenski, JJ.

Smolenski, J. Pursuant to Administrative Order No. 1994-4, this special panel was convened to resolve the conflict between the prior opinion in this case, 213 Mich App 801 (1995), and *People v Warner*, 190 Mich App 26; 475 NW2d 397 (1991). The prior panel in this case held that it was bound by AO 1994-4 to follow *People v Polus*, 197 Mich App 197, 199; 495 NW2d 402 (1992), which held that evidence of prior instances of sexual penetration between a defendant and a victim do not constitute the "same criminal transaction" for the purpose of scoring Offense Variable (OV) 12 (criminal sexual penetration[s]). See Michigan Sentencing Guidelines (2d ed), p 45. Were it not for AO 1994-4, a majority of the previous panel would have affirmed the trial court's score of fifty points for OV 12 pursuant to *Warner* because defendant admitted that he had molested his daughter daily for over two years.

Following an en banc order[1] invoking the conflict resolution procedure of AO 1994-4, this case was reheard by this special panel. After due consideration, we resolve the conflict in favor of the *Warner* opinion, which held that evidence of prior penetrations may be used to score OV 12. Accordingly, we affirm the trial court's fifty-point score for OV 12 in this case.

We arrive at our result by interpreting the guidelines in accordance with the rules of statutory construction. *People v Williams*, 205 Mich App 229, 232; 517 NW2d 315 (1994). Statutory provisions must be read in context so as to produce an harmonious

---

[1] 213 Mich App 801 (1995).

whole. *Id.*, p 233. When two statutes or provisions appear to conflict and one is specific to the subject matter while the other is only generally applicable, the specific statute prevails. *People v McEwan*, 214 Mich App 690, 695; 543 NW2d 367 (1995).

In *Polus, supra*, p 199, this Court noted that prior criminal penetrations are considered in scoring the sentencing guidelines, specifically in scoring OV 25 (contemporaneous criminal acts). OV 25 provides for a score of five points for two contemporaneous criminal acts and a maximum score of fifteen points for three or more contemporaneous criminal acts. Sentencing Guidelines, p 46. A criminal act is contemporaneous if "(1) it occurs within twenty-four hours of the offense upon which the offender is being sentenced or within six months if it is identical to or similar in nature and (2) it has not and will not result in a separate conviction." *Id.* Thus, under OV 25, a defendant can receive a score of fifteen points if within twenty-four hours of the offense of which he is convicted he engages in any three or more criminal acts, which could conceivably include not only other penetrations but also armed robbery, drunk driving, or a host of other crimes. A defendant can receive a score of fifteen points if within six months of the offense of which he is convicted he engages in three or more identical or similar criminal acts, which, in the case of first-degree criminal sexual conduct, could conceivably include not only other penetrations but also the lesser offenses of sexual contact or indecent exposure. Thus, it is clear that OV 25 applies to a broad range of conduct but is limited regarding the time frame in which such conduct may occur to be considered.

Conversely, OV 12 specifically applies only to the most heinous and offensive criminal sexual conduct: penetration. OV 12 provides for a score of twenty-five points for one criminal sexual penetration and fifty points for two or more criminal sexual penetrations.[2] Sentencing Guidelines, p 45. We believe that the higher scores assigned under OV 12, when compared to the scores assigned under OV 25, evidence the severity with which the drafters of the guidelines viewed criminal sexual penetrations. Thus, where the criminal acts to be scored are criminal sexual penetrations, OV 12, the guideline specific to penetrations, prevails over OV 25, the guideline generally applicable to contemporaneous criminal acts.

The severity with which the guidelines view criminal sexual penetrations is also evidenced by the fact that OV 12 is not limited in time to a specified number of hours or months as is OV 25. Rather, all penetrations arising out of "the same criminal transaction" may be scored under OV 12. Sentencing Guidelines, p 45. The guidelines define "transaction" as follows: "The acts occurred in a continuous time sequence and displayed a single intent or goal."[3] Sentencing Guidelines, p 10.

---

[2] In first-degree and third-degree criminal sexual conduct, the penetration that forms the basis of the conviction offense may not be scored. Sentencing Guidelines, p 45.

[3] Although not necessarily conflicting, the analysis we adopt today of what constitutes a "continuous time sequence" and a "single intent or goal" applies to the scoring of OV 12 and does not apply to double jeopardy considerations. See, e.g., *People v Spicer*, 216 Mich App 270, 272; 548 NW2d 245 (1996). See also *Cavalier Mfg Co v Employers Ins of Wausau*, 211 Mich App 330, 341; 535 NW2d 583 (1995) ("The phenomenon of identical words meaning different things, even in a single document, such as an insurance contract or statute, let alone in two separate documents, is neither unique to the case at bar nor to the elasticity and inherent limitations of the English language.").

The first criterion in determining legislative intent is the specific language of the statute. *People v Hawkins*, 181 Mich App 393, 396; 448 NW2d 858 (1989). When the language of a statute is clear, judicial interpretation is unnecessary, and the Legislature is presumed to have intended the meaning plainly expressed. Courts may not speculate regarding the probable intent of the Legislature when the statutory language is clear and unambiguous. When the language of a statute is clear, it must be enforced as written. *People v Evans (After Remand)*, 213 Mich App 671, 674-675; 540 NW2d 489 (1995).

However, where reasonable minds may differ concerning the interpretation to be given a statute, judicial construction is appropriate. *People v Tracy*, 186 Mich App 171, 175; 463 NW2d 457 (1990). Where statutory language is of doubtful meaning, a court must look to the object of the statute and the harm that it is designed to remedy and apply a reasonable construction that best accomplishes the statute's purpose. *Id.*

Applying the plain language of the guidelines, we conclude that, as in this case and in *Warner*, a defendant's ongoing penetrations of a victim over an extended period can constitute acts that occurred in a continuous time sequence and displayed a single intent or goal. This is especially true in the present case. The victim was a child who lived in the same household as defendant. Defendant molested or penetrated the victim daily for more than two years. That conduct under these circumstances gives rise to an inference that defendant intended to conceal his continued molestation of the victim during that extended period. Thus, such conduct constituted acts that

occurred in a continuous time sequence and displayed a single intent or goal.

Alternatively, even if we were to find that the guidelines' definition of "transaction" was ambiguous and judicial construction therefore warranted, we would conclude that the foregoing construction is a reasonable construction that best accomplishes the object and purpose of OV 12.

Affirmed.

SAAD and BANDSTRA, JJ., concurred.

MARKMAN, J. (concurring). We concur with the result reached in Judge SMOLENSKI's opinion, but write separately to discuss several issues that we believe require further discussion.

At the outset, we note that the issue whether prior instances of sexual penetration by a defendant should be scored under Offense Variable (OV) 12 is sometimes obscured in the context of appropriate concern that such conduct be assessed in sentencing. The issue is not whether such prior conduct should be considered in sentencing. Such prior conduct demonstrates characteristics of the offender that are relevant to proportionate sentencing. Therefore, if no offense variable adequately addresses such conduct, it provides a strong rationale to depart upward from the guidelines' range. See *People v Milbourn*, 435 Mich 630, 659-660; 461 NW2d 1 (1990). Accordingly, the issue before us is only whether OV 12 covers prior instances of sexual penetration by a defendant, not whether evidence of such conduct is otherwise relevant in sentencing defendant.

We also preliminarily note our standard of review
in deciding this issue. In *People v Reddish*, 181 Mich
App 625,.628; 450 NW2d 16 (1989), this Court held:

> Appellate review of guidelines calculations is very lim-
> ited. . . . A sentencing judge has discretion in determining
> the number of points to be scored provided that evidence
> exists adequate to support a particular score. . . . The Sen-
> tence Review Committee strongly recommends that this
> Court uphold scoring decisions for which *any* support
> exists. [Emphasis added.]

Accordingly, this Court is to determine whether the
trial court abused its discretion in scoring the prior
instances of criminal sexual penetration under OV 12.
However, before we reach this issue, this conflict
panel must answer the preliminary legal question
whether OV 12 covers instances of criminal sexual
penetration outside the episode for which a defendant
was convicted. This Court reviews questions of law
de novo. *People v Bloxson*, 205 Mich App 236, 245;
517 NW2d 563 (1994).

Our analysis of the reach of OV 12 begins with the
language of the variable itself. The majority correctly
states that the Sentencing Guidelines are to be inter-
preted according to the rules of statutory construc-
tion. In *People v Williams*, 205 Mich App 229, 232-233;
517 NW2d 315 (1994), this Court stated:

> In interpreting the guidelines, we are guided by the rules
> of statutory construction. . . . The first criterion of statutory
> interpretation is the specific language used; the meaning
> plainly expressed is presumed to be the meaning intended. .
> . . Unless defined, every word or phrase should be given its
> plain and ordinary meaning; technical terms are to be given
> their peculiar meaning. . . .

*       *       *

Another rule of statutory construction is that provisions must be read in context so as to produce an harmonious whole.

The instructions to OV 12 (criminal sexual penetration[s]) state: "Score all penetrations involving the offender arising out of the same criminal transaction." Sentencing Guidelines (2d ed) at 45. Under OV 12, twenty-five points are scored for one criminal sexual penetration and fifty points are scored for two or more criminal sexual penetrations. The instructions note: "In CSC 1st and CSC 3rd do not score the one penetration that forms the basis of the conviction offense." *Id.* The definitions section of the Sentencing Guidelines includes the following: "Transaction: The acts occurred in a continuous time sequence and displayed a single intent or goal." *Id.* at 10.

On the basis of this definition, the question before us is whether prior instances of criminal sexual penetration may constitute acts "in a continuous time sequence" that "displayed a single intent or goal" with the conduct for which a defendant is convicted. Here, Judge SMOLENSKI concludes that defendant's daily molestation of the victim displayed a single intent "to conceal his continued molestation of the victim during that extended period." *Ante* at 83. However, our understanding of the facts convinces us that the more obvious "single intent" was to engage in sexual conduct when there was an opportunity to do so. Accordingly, the precise issue presented here becomes whether the prior instances of criminal sexual penetration are "in a continuous time sequence" with the conduct for which defendant was convicted.

"Continuous" is defined as "uninterrupted in time; without cessation." Random House Webster's College

Dictionary (1992) at 295. The usage note under the entry for "continual" states in pertinent part:

> Although the words are used interchangeably in all kinds of speech and writing, usage guides generally advise that CONTINUAL be used only to mean "intermittent" and CONTINUOUS only to mean "uninterrupted." [Id.]

If we interpret OV 12 consistently with the dictionary usage note definition of "continuous" as uninterrupted, OV 12 might be read to reach only penetrations that occurred during the same, uninterrupted episode as the conduct for which a defendant is convicted. In *People v Polus*, 197 Mich App 197, 199; 495 NW2d 402 (1992), this Court read OV 12 to reach only penetrations occurring during the episode for which a defendant is convicted.[1]

However, the dictionary usage note acknowledges that "continuous" is often used interchangeably with "continual" to mean intermittent. Definitions of "continuous" in 1 The New Shorter Oxford English Dictionary (1993) at 495, include "[c]haracterized by continuity" and "connected." Under this broader definition of "continuous," OV 12 could reasonably be interpreted to reach prior instances of criminal sexual penetration as long as they display a single intent with the conduct for which a defendant is convicted. Judge SMOLENSKI adopted the broader reading of OV 12's "continuous time sequence" element but failed to

---

[1] *People v Chesebro*, 206 Mich App 468, 472; 522 NW2d 677 (1994), and *People v Hyland*, 212 Mich App 701, 712-713; 538 NW2d 465 (1995), followed the interpretation of OV 12 articulated in *Polus*. While they read OV 12 consistently with the dictionary usage note regarding "continuous," we note that none of these decisions explicitly referred to the guidelines definition of "transaction" and its "continuous time sequence" element.

specifically articulate his rationale for doing so.[2] In the prior, vacated opinion in this case, 213 Mich App 801, 803 (1995), this Court stated that, were it not bound by *Polus, supra,* it would have concluded that the defendant's prior instances of criminal sexual penetration of the victim were appropriately scored under OV 12 because they were part of "the same overall criminal transaction—years of molestation."

We find both these readings of the "continuous time sequence" element of OV 12 reasonable and supported by the language of the guidelines. Accordingly, we conclude, as a matter of law, that OV 12 is broad enough to reach the prior instances of criminal sexual penetration here and that the trial court did not abuse its discretion in so finding.

In reaching this conclusion, we also considered OV 25 (contemporaneous criminal acts), which arguably applies to prior instances of sexual penetration. The instructions to OV 25, Sentencing Guidelines at 46, state in pertinent part:

> A. A criminal act is contemporaneous if: (1) it occurs within twenty-four hours of the offense upon which the offender is being sentenced or within six months if it is identical to or similar in nature and (2) it has not and will not result in a separate conviction.

Under OV 25, five points are scored for two contemporaneous criminal acts, and fifteen points are scored for three or more contemporaneous criminal acts.

Judge SMOLENSKI considered the applicability of OV 25. He concluded that with respect to criminal sexual

---

[2] In *People v Warner*, 190 Mich App 26; 475 NW2d 397 (1991), and *People v Bivens*, 206 Mich App 284; 520 NW2d 711 (1994), this Court similarly adopted the broad reading without articulating its reasons for doing so.

penetrations, OV 12, the guideline specific to penetrations, prevailed over OV 25, the guideline generally applicable to contemporaneous criminal acts. Judge SMOLENSKI thus implicitly assumed that the prior instances of criminal sexual penetration could be scored under only one of these two offense variables. In the context of an assumption that factors should be scored under only one offense variable, the criminal sexual conduct offense variables are best read as an harmonious whole by clearly differentiating between conduct to be scored under OV 12 and conduct to be scored under OV 25. The conduct covered by these two variables is most clearly demarcated by interpreting OV 12 narrowly to reach only penetrations occurring during the uninterrupted episode for which a defendant is convicted and scoring prior instances of penetration under OV 25. Accordingly, if the offense variables are to be read so that particular factors are scored under only one variable, we believe that the better view would be to read OV 12 narrowly and score prior instances of criminal sexual penetration under OV 25. In that respect, we would disagree with the view expressed in Judge SMOLENSKI's opinion.

However, we do not believe that particular factors—here, prior instances of criminal sexual penetration—must be scored under only one offense variable. The guidelines' instructions for evaluating the offense variables do not indicate that consideration of a factor in scoring one offense variable prohibits consideration of that factor in scoring another offense variable. Rather, they instruct the scorer to "[d]etermine the offender's score on *each* variable" and to "[e]valuate *each* of the Offense Variables." Sentencing Guidelines at 5 (emphasis added).

In *People v Vonins (After Remand)*, 203 Mich App 173; 511 NW2d 706 (1993), this Court considered this issue in the context of prior record variables (PRVs). In *Vonins*, the trial court assessed points under PRV 2, prior low-severity felony convictions, for the defendant's conviction of possession with intent to deliver cocaine. *Id.* at 176. The trial court also assessed points under PRV 6, prior relationship to criminal justice system, because the defendant was on parole status for the possession conviction at the time of the offense at issue. *Id.* The *Vonins* Court noted that the two variables were directed toward different purposes. *Id.* at 177. It held that the scoring of points under both PRV 2 and PRV 6 was not "impermissible 'double counting'" and that the trial court's assessment of points for both variables was proper. *Id.* at 176-177.

Similarly, the assessment of points for prior instances of criminal sexual penetration for both OV 12 and OV 25 would be proper.[3] These variables are directed, at least arguably, toward different purposes: OV 12 specifically addresses penetrations arising out of the same criminal transaction whereas OV 25 addresses contemporaneous criminal acts. Yet most conduct covered by OV 12, under either the broad or narrow reading of it, would also constitute contempo-

---

[3] This issue also arises in the context of the guidelines for other offenses. For example, the guidelines for burglary include OV 10, possession of burglar's tools, and OV 25, contemporaneous criminal acts. Because the possession of burglary tools is a criminal act, MCL 750.116; MSA 28.311, it could be scored under both OV 25 and OV 10. We note that OV 25 is a crosscutting offense variable that applies to all the crimes for which there are guidelines.

raneous criminal acts under OV 25.[4] Because these variables, although not identical, do overlap, the conduct that would support scoring under OV 12 would generally also support scoring under OV 25.

Accordingly, we should interpret the criminal sexual conduct guidelines with the understanding that factors may be scored under more than one offense variable. In this context, the rule that we should interpret specific variables so as to produce an harmonious whole does not support the narrow reading of the "continuous time sequence" element of OV 12 over the broader reading.

As discussed above, both the narrow reading and the broader reading of this element of OV 12 are reasonable. Therefore, under a de novo standard of review, we would not reverse the trial court's reading of OV 12. We conclude that OV 12 is broad enough to reach the prior instances of criminal penetration at issue here. Accordingly, we find no abuse of discretion in the trial court's scoring of OV 12 for defendant's prior instances of criminal sexual penetration. We additionally conclude that the same factor may be scored under more than one offense variable.

For these reasons, we would affirm the judgment of sentence.

CORRIGAN and MARKEY, JJ., concurred.

---

[4] We note that penetrations that arise out of the same criminal transaction and result in a separate conviction would be covered by OV 12 but not OV 25. Also, under the broad reading of OV 12, penetrations that arise out of the same criminal transaction but occurred more than six months before the conduct for which a defendant is convicted would be covered by OV 12 but not OV 25.

MICHAEL J. KELLY, P.J. *(dissenting)*. I respectfully dissent.

I must conclude that the trial court improperly scored Offense Variable (OV) 12 at fifty points. In the commentary to Standard 18-4.5 in the chapter relating to sentencing alternatives and procedures of 3 ABA Standards of Criminal Justice (2d ed, 1986), p 298, it is noted that the adoption of the single transaction test has proven easier to state than apply:

> As concise and logical as the definition is, it remains doubtful that any legislative phrasing can cut through the Gordian knots in this area. Judicial interpretation will occur in contexts where egregious fact patterns are likely and, thus, where the need to rationalize a desired result is powerful.

I believe the majority has acquiesced in the trial court's rationalizing a desired result to justify an untoward interpretation of the scoring guidelines in this egregious case.

Defendant was charged in the information with four successive counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct. The people say that defendant "received the bargain of a lifetime" when he was permitted to plead guilty to one count in return for a dismissal of the four remaining counts involving the sexual abuse of his baby daughter over a period of two years. But there is another side to that coin. If it was a bargain, both sides made concessions. The prosecutor's concession was that defendant could not be convicted, and hence sentenced, for the four dismissed charges. Defendant could be convicted, and hence sentenced, only on the crime charged. That is not to say that

outside conduct could not be scored, but courts have
to adhere to rules of interpretation applicable to legis-
lation. We do not knock aside rules of construction
and twist plain English by Humpty Dumpty fiat. The
sentencing guidelines provisions for OV 12 applicable
to sexual penetrations provide:

CRIMINAL SEXUAL PENETRATION(S)

OV 12

50*   2 or more criminal sexual penetrations

25*   1 criminal sexual penetration

  0   No criminal sexual penetration

    Score all penetrations involving the offender arising out
of the same criminal transaction

    *In CSC 1st and CSC 3rd do not score the one penetra-
tion that forms the basis of the conviction offense.

There is no reasonable justification for calling
numerous instances of criminal sexual conduct over a
two-year period the same criminal transaction. The
defendant was not charged with "numerous criminal
sexual penetrations over a two-year period." He was
charged in five specific counts. There is no such
count or crime entitled "years of molestation." Not
even the tortured exegesis of the mind of a medieval
monk can deduct four from five and come up with
years of molestation. For what little it is worth, I
think *People v Polus*, 197 Mich App 197, 199; 495
NW2d 402 (1992), was correctly decided. The
Supreme Court could not muster the votes to grant
leave on an application, 447 Mich 952 (1994), and we
should not supply their missing votes.

In conclusion, I believe it is unseemly to couch
appellate decision-making in language posturing

indignation at the crimes and criminals on review, torturing support for the interpretation that results in the longest durance for the criminal. If the prosecutor here wanted two, three, four, or five convictions and the resulting sentencing consequences, he need not have entered into a bargain for one conviction. The result reached in *Polus* was eminently correct; the instruction on its face limits consideration to penetrations involved in the same criminal transaction. Prior criminal sexual penetrations between the defendant and the victim were scored under OV 25, and properly so. If the trial court concluded that OV 25 inadequately addressed the importance of prior penetrations, it had authority to exceed the guidelines with very little risk of reversal by way of appellate review, but that is another subject.

The precedential effect of *People v Warner*, 190 Mich App 26; 475 NW2d 397 (1991), need not be decided. I have stated my view on *Warner* in a concurrence in *Polus. Warner* could have been decided on another ground and the issue was not precedential to the determination of the case. *People v Case*, 220 Mich 379, 383; 190 NW 289 (1922).

I would confirm the result and hence the precedential effect of *People v Polus, supra.* I would reverse the circuit court's judgment of sentence.