PEOPLE v CUPPARI (AFTER REMAND)

Docket No. 172086. Submitted November 14, 1995, at Detroit. Decided
    December 28, 1995, at 9:05 A.M. Leave to appeal sought.

    Dominick C. Cuppari was convicted in the Oakland Circuit Court,
    Richard D. Kuhn, J., of possession of less than twenty-five
    grams of heroin and subsequently pleaded guilty of being an
    habitual offender, fourth offense. Judge Kuhn sentenced the
    defendant as an habitual offender to a prison term of three to
    fifteen years, to be served concurrently with the sentence to be
    imposed by Oakland Circuit Judge Hilda Gage for an unrelated
    larceny. Later, Judge Gage sentenced the defendant to a prison
    term of three to twenty years, to be served consecutively to the
    sentence imposed by Judge Kuhn. The defendant appealed the
    heroin conviction, and the Court of Appeals, REILLY, P.J., and
    CAVANAGH, J., with MICHAEL J. KELLY, J., dissenting, affirmed
    the convictions, but vacated the sentence and remanded the
    matter on the ground that Judge Kuhn mistakenly had be-
    lieved that the sentence that he had imposed was within the
    sentencing range calculated pursuant to the sentencing guide-
    lines. Unpublished opinion per curiam of the Court of Appeals,
    issued July 1, 1993 (Docket No. 136827). On remand, Judge
    Kuhn resentenced the defendant to a prison term of three to
    fifteen years and indicated that the sentence could be concur-
    rent, which was noted on the judgment of sentence. The defen-
    dant appealed, seeking resentencing on the basis that the
    sentence that had been imposed on remand had been based on
    Judge Kuhn's mistaken belief that it would be served concur-
    rently with the sentence imposed by Judge Gage.

    The Court of Appeals held:

    The defendant failed to demonstrate that the sentence im-
    posed by Judge Kuhn on remand was based on a misconception
    of the law. Judge Kuhn clearly stated that the reasons for
    imposing the sentence that he did were the facts and circum-
    stances of the case and the defendant's numerous prior convic-
    tions. There is no indication that Judge Kuhn imposed the
    sentence that he did because he believed that the sentence
    would be served concurrently with any other sentence. Because
    consecutive sentences are mandated by statute under the cir-

cumstances in this case, the judgment of sentence entered by Judge Kuhn must be modified to reflect the statutory mandate.

Sentence affirmed, but matter remanded for modification of judgment of sentence.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Joyce F. Todd,* Chief, Appellate Division, and *John S. Pallas,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Chari K. Grove*), for the defendant on appeal.

### AFTER REMAND

Before: FITZGERALD, P.J., and WAHLS and M. H. CHERRY,* JJ.

PER CURIAM. Defendant was convicted by a jury of possession of less than twenty-five grams of heroin, MCL 333.7403(2)(a)(v); MSA 14.15(7403)(2) (a)(v), and subsequently pleaded guilty of being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084. On December 3, 1990, defendant was sentenced by Oakland Circuit Judge Richard D. Kuhn to a prison term of three to fifteen years, to be served concurrently with a sentence to be imposed by Oakland Circuit Judge Hilda Gage for an unrelated offense. On January 8, 1991, Judge Gage sentenced defendant with respect to his unrelated conviction of larceny over $100 to a prison term of three to twenty years, to be served consecutively to the sentence imposed by Judge Kuhn on December 3, 1990. On appeal, this Court affirmed defendant's possession conviction, but vacated his sentence and remanded the matter for resentencing on the ground that Judge Kuhn had mistak-

* Circuit judge, sitting on the Court of Appeals by assignment.

enly believed that the sentence imposed was within the guidelines' recommendation. Unpublished opinion per curiam of the Court of Appeals, issued July 1, 1993 (Docket No. 136827). On remand, Judge Kuhn resentenced defendant to a prison term of three to fifteen years and indicated that the sentence could be concurrent.

On October 13, 1994, defendant filed a motion in this Court to remand for resentencing, claiming that the sentence imposed by Judge Kuhn should be revised because Judge Kuhn failed to account for the fact that defendant would be required, as a matter of law, to serve it consecutively to the sentence imposed by Judge Gage.[1] This Court denied the motion "without prejudice to filing a complaint for mandamus against the Department of Corrections for failure to comply with the November 2, 1993, judgment of sentence." Unpublished order of the Court of Appeals, issued January 24, 1995 (Docket No. 172086). On February 16, 1995, defendant filed a complaint for mandamus and motion to show cause against the Department of Corrections on the ground that the department had ordered him to serve his two sentences consecutively, in disregard of the November 2, 1993, judgment of sentence that provided that the sentence was to run concurrently with the sentence imposed by Judge Gage. This Court denied defend-

---

[1] The version of MCL 768.7b(1); MSA 28.1030(2)(1) that was in effect at the time defendant committed the possession offense provided in relevant part:

> Beginning April 1, 1988, and through December 31, 1991, if a person who has been charged with a felony, pending disposition of the charge, commits a subsequent offense that is a felony, upon conviction of the subsequent offense or acceptance of a plea of guilty, guilty but mentally ill, or nolo contendere to the subsequent offense, the sentences imposed for the prior charge offense and the subsequent offense *shall* run *consecutively*. [Emphasis added.]

ant's complaint "because plaintiff has not shown a clear legal right to a concurrent sentence." The denial, however, was "without prejudice to [defendant] raising an issue in his appeal by right." *Cuppari v Dep't of Corrections,* unpublished order of the Court of Appeals, entered May 3, 1995 (Docket No. 183238). Defendant now appeals the November 2, 1993, resentencing as of right.

Defendant claims that he is entitled to resentencing because the sentence imposed by Judge Kuhn was based on a misconception of the law. We disagree.

On remand, Judge Kuhn sentenced defendant to thirty to forty-eight months for the underlying possession conviction, noting that the sentence was within the guidelines' recommendation. Judge Kuhn then sentenced defendant as an habitual offender to a term of three to fifteen years, stating that the reasons for imposing the sentence were "all the facts and circumstances of the case and defendant's prior record which consisted of 10 or 11 felonies and three or four misdemeanors." The Court then concluded:

> Further, the Court will indicate that these sentences *may be served concurrently.* The Court is now going to vacate the sentence it gave you under count one.

The judgment of sentence issued after resentencing indicated that the sentence was to be concurrent but made no reference to the sentence imposed by Judge Gage. Defendant presumes that Judge Kuhn was referring to the ultimate sentence for the habitual offender conviction and to the sentence imposed by Judge Gage. On the basis of this presumption, he asserts that Judge Kuhn sentenced him on a misconception of the law,

believing that the sentence could be served concurrently with that imposed by Judge Gage.

Our review of the record reveals that there is little, if any, indication that Judge Kuhn operated on a mistaken premise in imposing the sentence. In context, it does not appear that the issue of concurrent sentences played any role whatsoever in the sentence imposed. Judge Kuhn stated the reasons for imposing the sentence, citing defendant's numerous felony and misdemeanor convictions. Given these factors, together with the fact that it is not even clear that Judge Kuhn was referring to Judge Gage's sentence when he made the reference to concurrent sentences, defendant has failed to demonstrate that his sentence was based upon a misconception of the law. Therefore, defendant is not entitled to resentencing.

Defendant also claims that the Department of Corrections is legally obligated to comply with Judge Kuhn's directive for concurrent sentencing because the sentence imposed by Judge Kuhn on resentencing was "last in time." In support of this argument, defendant cites *People v Chambers,* 430 Mich 217; 421 NW2d 903 (1988). In *Chambers,* the Court construed MCL 768.7b; MSA 280.1032(2) before the amendment that made consecutive sentencing mandatory. The former version of the statute gave a trial court discretion in imposing a consecutive sentence on any defendant who committed a felony while the disposition of a prior felony charge was pending. *People v Ackels,* 190 Mich App 30, 31-32; 475 NW2d 413 (1991). Under the former version of the statute, a court that imposes sentence upon a defendant who is awaiting sentencing in a separate court for a separate offense lacks discretion to impose a consecutive sentence. *Chambers, supra* at 231-232.

In the present case, however, consecutive sen-

tencing was mandatory. Therefore, the holding in *Chambers* with regard to ·which of two original sentencing courts have the authority to impose a discretionary consecutive sentence is inapplicable to the facts of this case. Regardless of which judge is deemed to have imposed the "last in time" sentence, consecutive sentencing was statutorily required. *People v Evans*, 213 Mich App 671; 540 NW2d 489 (1995). Consequently, contrary to defendant's suggestion, the Department of Corrections has complied with the statute by ordering the sentence in the present case to run consecutively with the sentence imposed by Judge Gage. Further, applying the rationale in *Chambers* as suggested by defendant, the department properly followed Judge Gage's directive for consecutive sentences because Judge Gage was the second of the original sentencing judges to impose sentence.[2] We remand, however, for modification of defendant's judgment of sentence to reflect the statutorily required consecutive nature of the sentence.

Defendant's sentence is affirmed, and the judgment of sentence is remanded for further proceedings consistent with this opinion. Jurisdiction is not retained.

---

[2] Though *Chambers* is not controlling, we are not persuaded by defendant's argument that the sentence imposed by Judge Gage, who imposed the latter of the two original sentences, was not last in time as a result of the sentence imposed on remand by Judge Kuhn. The holding in *Chambers* addresses which of two *original* sentencing courts have authority to impose a discretionary consecutive sentence. Clearly, a sentence imposed following a remand for resentencing is not an original sentence. Therefore, if consecutive sentencing were discretionary in this case, rather than mandatory, the sentence imposed by Judge Gage would control the consecutive nature of the sentences.